TYACK, J., concurs separately.
TYACK, J., concurring separately.
 {¶ 29} I disagree with the majority opinion on the law applicable to the statute of limitations in defamation actions. However, I believe that Mr. Singh's complaint fails for other reasons, so I reach the same ultimate result. I therefore concur separately.
 {¶ 30} A defamation occurs when a statement is published either in print or in spoken word, and the published statement is received by a third party who then develops a less favorable opinion of the person defamed. A statement must be received by and affect a third party for a defamation to occur and thus a claim for libel or slander to accrue.
 {¶ 31} At English common law, some statements were so clearly defamatory that a defamed person had only to prove that the statement was published. Such statements dealt with such issues as a person's professional life or a woman's chastity. False publication on such topics was considered libel per se. Other statements required that the person defamed prove at trial that one or more people were negatively impacted by the false statement. Such statements could be libel per quod.
 {¶ 32} In either case, no defamation occurred until someone received the published statement. To state an extreme example, under traditional English law if the American Bar Association had buried every copy of the ABA Journal which discussed James Singh, no defamation would have occurred. However, the ABA Journal was not buried. It was mailed to third parties over a period of a month and is still being communicated over the internet to third parties. Hence, I believe an on-going publication is occurring and the statute of limitations has not run.
 {¶ 33} For purposes of summary judgment, I do not believe that the American Bar Association has proved that the statute of limitations had run on the initial mailing of the ABA Journal. No proof was presented about when the magazine was received, as opposed to being deposited in the United States mail in large quantities. Again, publication for purposes of a defamation action does not occur when a publisher runs papers through the presses, but when the finished magazine is received and has its negative impact.
 {¶ 34} I believe that Mr. Singh's complaint fails because of R.C.2317.05 which is set forth in the majority opinion at ¶ 6. Mr. Singh made the allegations about his conduct public in his prior litigation. The ABA Journal's write-up is little more than a summary of a portion of what was in the public record.
 {¶ 35} I therefore concur in the judgment of the majority, but not in a significant portion of its reasoning.